# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Peter Castellanos,

    Petitioner

v.

B. Stroud, et al.,

    Respondents

Case No.: 2:16-cv-00966-JAD-GWF

**Order Dismissing Petition and Closing Case**

[ECF No. 6]

Pro se petitioner Peter Castellanos petitions for a writ of habeas corpus under 28 U.S.C. § 2254.[1] He challenges his 2014 Nevada state conviction for attempted sexual assault after an *Alford* plea.[2] After evaluating Castellanos's claims on their merits, I deny his petition and dismiss this case with prejudice.

## Background

Castellanos was charged with two counts of sexual assault with a minor under 16 years of age, two counts of statutory sexual seduction, three counts of open or gross lewdness, and five counts of sexual assault.[3] He pled guilty under an *Alford* plea to one count of attempted sexual assault in exchange for the State's promise not to argue for a maximum term of imprisonment exceeding 15 years.[4] Castellanos was sentenced to 54–144 months and lifelong supervised release.[5] He challenged the conviction on state post-conviction review only, which was denied on its merits.

---

[1] ECF No. 6.

[2] ECF No. 9-10.

[3] ECF No. 9-4.

[4] ECF Nos. 9-6, 9-7, 9-8; *see also* ECF No. 9-18 at 11, 18.

[5] ECF Nos. 9-9, 9-10.

1

## Discussion

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard of review for evaluating a state court's decision to deny a claim on the merits.[6] A federal court may not grant habeas relief merely because it might conclude that the decision was incorrect.[7] The federal district court may grant relief only if the decision: (1) was contrary to or involved an unreasonable application of clearly established U.S. Supreme Court law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state court.[8]

A state court decision is contrary to clearly established law only if it applies a rule that contradicts the Supreme Court's case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result.[9] A state court need not even be aware of Supreme Court precedents, as long as neither the reasoning nor the result of its decision contradicts them.[10] "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous."[11]

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it's demonstrated that the state court's application of Supreme Court precedent to the facts of the case was not only incorrect, but "objectively unreasonable."[12] And

---

[6] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[7] *Id.* at 202.

[8] *Id.* at 181–88; *see also* 28 U.S.C. § 2254(d).

[9] *See, e.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003).

[10] *Id.*

[11] *Id.* at 16.

[12] *See, e.g., id.* at 18; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

when a state court's factual findings are challenged, federal courts "must be particularly deferential" to that court's findings.[13] The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous."[14] The reviewing court must instead "be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record."[15] State-court factual findings are presumed to be correct unless rebutted by clear and convincing evidence.[16] The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief.[17]

**B.    Ground 1: Counsel was ineffective for not appealing the conviction.**

In his first ground for relief, Castellanos alleges that he was denied effective assistance of counsel when counsel didn't appeal his conviction. He alleges that he "attempted to contact defense counsel[] so that an appeal would be timely effect . . . [but] once petitioner signed the plea agreement, he never heard from trial counsel again."[18] Castellanos does not identify any nonfrivolous issue that defense counsel should have pursued on a direct appeal. In fact, Castellanos waived his right to a direct appeal in his plea agreement.[19]

About six months after Castellanos was sentenced, he sent a letter to defense counsel terminating the representation and asking for a copy of his defense file.[20] He filed a motion to

---

[13] *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004); *see also* 28 U.S.C. § 2254(d)(2).

[14] *Id.* at 973.

[15] *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

[16] 28 U.S.C. § 2254(e)(1).

[17] *Pinholster*, 563 U.S. at 569.

[18] ECF No. 6 at 3.

[19] ECF No. 9-6 at 6 ("I understand this means I am unconditionally waiving my right to a direct appeal of this conviction, including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4).").

[20] ECF No. 9-11 at 4.

the same effect around the same time.[21] At a state court evidentiary hearing, Castellanos's two trial counsel, Michael Becker and Roger Bailey, testified. Becker testified that Castellanos had never asked him to file an appeal and had not talked to him since the sentencing, and he claimed that he had not received any messages from Castellanos or any of Castellanos's relatives. He also testified that the only contact he had with Castellanos was the request for a copy of the defense file, which came five or six months after sentencing.[22] Bailey also testified that he didn't remember Castellanos asking him to file an appeal.[23]

Castellanos, on the other hand, testified that he had attempted to contact his lawyers a couple times (by phone and by letter) but never actually spoke to them.[24] And he initially asked his son and sister to reach out to his lawyers but then retracted his directions when he started filing his own motions.[25] The state district court found Castellanos's testimony not credible[26] and determined that his counsel was not ineffective for failing to file a direct appeal; the Nevada appellate court agreed.[27]

I find that the state appellate court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. In *Roe v. Flores-Ortega*, the Supreme Court rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal."[28] The Court instead established a standard for when trial counsel has a duty to consult with the defendant about filing an appeal.[29] Counsel must consult only when

---

[21] *Id.*

[22] ECF No. 9-18 at 12–15.

[23] *Id.* at 18–21.

[24] *Id.* at 21–28.

[25] *Id.*

[26] ECF No. 9-19 at 4–5.

[27] ECF No. 9-22 at 3–4.

[28] *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

[29] *Id.*

4

there is reason to think that "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[30] Courts must consider all of the information that trial counsel knew or should have known, paying particularly close attention to "whether the conviction follows a trial or a guilty plea . . . because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."[31] The court must also consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."[32]

The state courts found that Castellanos did not request counsel to file an appeal within the time to appeal. That factual finding was not unreasonable in light of the contradictory testimony from both of Castellanos's trial attorneys, and that finding is entitled to a presumption of correctness.[33] The record also reflects that Castellanos expressly waived his direct-appeal rights as part of the plea agreement, was sentenced within the potential ranged contemplated by the plea agreement, and has not identified in either state or federal court any nonfrivolous grounds for direct appeal that he could have pursued. The state appellate court's rejection of this claim was therefore neither contrary to, nor an unreasonable application of, clearly established federal law. So, I find that ground 1 does not provide a basis for relief.

**C. Ground 2: Counsel was ineffective by ignoring "easily discoverable exculpatory evidence."**

In his second ground for relief, Castellanos argues that he was denied effective assistance because counsel ignored "easily discoverable exculpatory evidence" that he presented. He urges

---

[30] *Id.*

[31] *Id.*

[32] *Id.* at 480–81.

[33] Castellanos referred in a parenthetical in ground 1 to: "See Exhibit #1 Proof of attempt to contact counsel." There is no Exhibit 1 to the petition, and federal habeas review is limited to the record that was before the state courts. *Pinholster*, 563 U.S. at 181–82.

that counsel "did not consult any experts, nor investigate exculpatory information or impeachment evidence." He does not include any factual specifics regarding the exculpatory evidence, expert testimony, or impeachment evidence that counsel should have developed and presented.[34]

The claim presented to the state courts was similarly devoid of factual allegations.[35] The state appellate court rejected this claim, noting that "[t]he district court found [that] Castellanos failed to explain how a better investigation would have provided a more favorable outcome and failed to identify the exculpatory evidence he presented to defense counsel."[36] I find that the state appellate court's rejection of this conclusory claim was neither contrary to, nor an unreasonable application of, *Strickland v. Washington*'s performance and prejudice prongs.[37] In both state and federal court, "[c]onclusory allegations [that] are not supported by a statement of specific facts do not warrant habeas relief."[38] Ground 2 thus provides Castellanos no relief.

**D.     Ground 3: Counsel was allegedly ineffective for failing to object to "multiple prejudicial errors" in his sentencing documents.**

In his final ground for relief, Castellanos alleges that he was denied effective assistance because counsel failed to object to "multiple prejudicial errors" in his presentence investigation report and psychosexual evaluation. He makes various references to "these damning errors," "the PSI and PSE mistakes," and "these errors" without identifying what the errors and mistakes actually are. Castellanos posits that the state district court "must have been laboring under mistakes of fact and faulty conclusions" because the court sentenced him to 54 to 144 months rather than to either probation or 24–60 months, which Castellanos believes should have been his

---

[34] ECF No. 6 at 5.

[35] ECF No. 9-16 at 8.

[36] ECF No. 9-22 at 3–4.

[37] *Strickland v. Washington*, 466 U.S. 668 (1984).

[38] *See, e.g.*, *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

6

sentence. He alleges that his sentence was nearly twice the recommendation of 32 months from parole and probation and that he was evaluated as having a low risk of recidivism.[39]

Castellanos acknowledged in his plea agreement that he understood "that information regarding charges not filed, dismissed charges, or charges to be dismissed [under the agreement] may be considered by the judge at sentencing."[40] Castellanos was charged with two counts of sexual assault with a minor under 16 years of age, two counts of statutory sexual seduction, three counts of open or gross lewdness, and five counts of sexual assault. The preliminary hearing testimony tended to establish that Castellanos repeatedly raped his stepdaughter from the time she was fifteen years old, that he forced her compliance with threats, that he took steps to avoid being caught by family members, and that the assaults continued for several years until her brother walked in on a rape in progress.[41] The victim testified to the psychological harm that she had suffered.[42]

The post-conviction claim that Castellanos presented to the state courts, like the claim in federal court, also failed to identify any specific error in the presentence investigation report or psychosexual evaluation that counsel failed to correct at sentencing.[43] The state appellate court rejected the claim, noting that "[t]he district court found Castellanos failed to identify the alleged errors in these reports and therefore his claim was simply a bare allegation." The court also noted that "because Castellanos was originally charged with twelve criminal offenses, including multiple counts of sexual assault, the district court would not have sentenced him to probation or minimum incarceration."[44]

---

[39] ECF No. 6 at 7–8.

[40] ECF No. 9-6 at 5.

[41] ECF No. 9-2 at 2–14.

[42] ECF No. 9-9 at 11–13.

[43] ECF No. 9-16 at 9–10.

[44] ECF No. 9-22 at 3.

The state appellate court's rejection of this conclusory claim was neither contrary to nor an unreasonable application of the performance and prejudice prongs under *Strickland*. As I explained in Section(C), *supra*, unsupported conclusory allegations do not warrant habeas relief. Castellanos has never identified a single error in either sentencing document that was not corrected by defense counsel.[45] His supposition that, but for unspecified error in the sentencing documents, an attempted-sexual-assault defendant in his situation would receive probation or minimum incarceration ignores the serious charges and sentencing exposure that he faced before he pled out to the lower offense. Castellanos's bare claim does not present specific factual allegations that would remotely tend to establish a reasonable probability of a different outcome at sentencing had counsel objected to unspecified errors in the sentencing documents. Ground 3 therefore does not provide a basis for relief.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Castellanos's petition for a writ of habeas corpus [ECF No. 6] is DENIED** on its merits, and this action is **DISMISSED with prejudice.** Because reasonable jurists would not find my decision to be debatable or wrong, I decline to issue a certificate of appealability.

The **Clerk of Court** is directed to **ENTER JUDGMENT in favor of respondents and against Castellanos and CLOSE THIS CASE.**

Dated: July 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[45] *See* ECF No. 9-9 at 11–13 (defense counsel correcting an erroneous statement from the prosecutor regarding a prior charge in reliance on the presentence investigation report).